UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
:
CAROLYN GREENE, on Behalf of Herself and :
All Others Similarly Situated, :
: Civ. No. 1:03 CV 12628 (NG)
Plaintiff, :
:
vs. :
:
BIOPURE CORPORATION, THOMAS A. MOORE,:
CARL W. RAUSCH and RONALD F. RICHARDS, :
:
Defendants. :
:
---------------------------------------------------------------X

[Additional Captions Set Forth Below]

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF RONALD ERICKSON AND BENJAMIN JOSEPH FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS PURSUANT TO §21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND APPROVAL OF SELECTION OF LEAD COUNSEL**

```
---------------------------------------------------------------X
                                                               :
JOHN G. ESPOSITO, JR., on Behalf of Himself and                :
All Others Similarly Situated,                                 :
                                                               :
                        Plaintiff,                             :   Civ. No. 1:04 CV 10013 (NG)
                                                               :
        vs.                                                    :
                                                               :
BIOPURE CORPORATION, THOMAS A. MOORE,                          :
CARL W. RAUSCH and RONALD F. RICHARDS,                         :
                                                               :
                        Defendants.                            :
---------------------------------------------------------------X
                                                               :
JOSEPH L. KING, on Behalf of Himself and                       :
All Others Similarly Situated,                                 :
                                                               :
                        Plaintiff,                             :   Civ. No. 1:04 CV 10038 (NG)
                                                               :
        vs.                                                    :
                                                               :
BIOPURE CORPORATION, THOMAS A. MOORE,                          :
CARL W. RAUSCII and RONALD F. RICHARDS,                        :
                                                               :
                        Defendants.                            :
---------------------------------------------------------------X
                                                               :
MICHAEL E. CRIDEN, Individually and on Behalf                  :
of All Others Similarly Situated,                              :
                                                               :
                        Plaintiff,                             :   Civ. No. 1:04 CV 10046 (NG)
                                                               :
        vs.                                                    :
                                                               :
BIOPURE CORPORATION, THOMAS A. MOORE                           :
and CARL W. RAUSCH,                                            :
                                                               :
                        Defendants.                            :
---------------------------------------------------------------X
```

```
---------------------------------------------------------------X
ISRAEL SHURKIN and SHARON SHURKIN,        :
Individually and on Behalf of All Others  :
Similarly Situated,                       :
                                          :
                    Plaintiffs,           :   Civ. No. 1:04 CV 10055 (NG)
                                          :
        vs.                               :
                                          :
BIOPURE CORPORATION, THOMAS A. MOORE      :
and CARL W. RAUSCH,                       :
                                          :
                    Defendants.           :
---------------------------------------------------------------X
JAMES J. NIZZO, VIRGINIA C. NIZZO and     :
CARLO CILIBERTI, on Behalf of Themselves  :
and All Others Similarly Situated,        :
                                          :
                    Plaintiffs,           :   Civ. No. 1:04 CV 10065 (NG)
                                          :
        vs.                               :
                                          :
BIOPURE CORPORATION, THOMAS A. MOORE,:
CARL W. RAUSCH and RONALD F. RICHARDS, :
                                          :
                    Defendants.           :
---------------------------------------------------------------X
BARRY BROOKS, on Behalf of Himself and    :
All Others Similarly Situated,            :
                                          :
                    Plaintiff,            :   Civ. No. 1:04 CV 10077 (NG)
                                          :
        vs.                               :
                                          :
BIOPURE CORPORATION, THOMAS A. MOORE,:
CARL W. RAUSCH and RONALD F. RICHARDS, :
                                          :
                    Defendants.           :
---------------------------------------------------------------X
```

```
-----------------------------------------------------------------X
ANASTASIOS PERLEGIS, Individually and on       :
Behalf of All Others Similarly Situated,       :
                                               :
                Plaintiff,                     :    Civ. No. 1:04 CV 10078 (NG)
                                               :
        vs.                                    :
                                               :
BIOPURE CORPORATION, THOMAS A. MOORE,:
THOMAS A. MOORE, CARL W. RAUSCH and            :
RONALD F. RICHARDS,                            :
                                               :
                Defendants.                    :
-----------------------------------------------------------------X
MARTIN WEBER, on Behalf of Himself and All     :
Others Similarly Situated,                     :
                                               :
                Plaintiffs,                    :    Civ. No. 1:04 CV 10090 (NG)
                                               :
        vs.                                    :
                                               :
BIOPURE CORPORATION, THOMAS A. MOORE,:
THOMAS A. MOORE, CARL W. RAUSCH and            :
RONALD F. RICHARDS,                            :
                                               :
                Defendants.                    :
-----------------------------------------------------------------X
BRUCE HAIMS, Individually and on Behalf of     :
All Others Similarly Situated,                 :
                                               :
                Plaintiffs,                    :    Civ. No. 1:04 CV 10144 (NG)
                                               :
        vs.                                    :
                                               :
BIOPURE CORPORATION, THOMAS A. MOORE,:
THOMAS A. MOORE, CARL W. RAUSCH and            :
RONALD F. RICHARDS,                            :
                                               :
                Defendants.                    :
-----------------------------------------------------------------X
```

00001848.WPD ; 1

```
-----------------------------------------------------------------X
MODEL PARTNERS LIMITED, Individually and     :
on Behalf of All Others Similarly Situated,  :
                                             :
                 Plaintiff,                  :      Civ. No. 1:04 CV 10155 (NG)
                                             :
       vs.                                   :
                                             :
BIOPURE CORPORATION, THOMAS A.               :
MOORE, CARL W. RAUSCH and RONALD             :
F. RICHARDS,                                 :
                                             :
                 Defendants.                 :
-----------------------------------------------------------------X
JUNE E. PATENAUDE, Individually and on Behalf:
of All Others Similarly Situated,            :
                                             :
                 Plaintiff,                  :      Civ. No. 1:04 CV 10179 (NG)
                                             :
       vs.                                   :
                                             :
BIOPURE CORPORATION, THOMAS A.               :
MOORE, CARL W. RAUSCH and RONALD             :
F. RICHARDS,                                 :
                                             :
                 Defendants.                 :
-----------------------------------------------------------------X
NANCY L. PINCKNEY, and GERTRUDE              :
PINCKNEY, Individually and on Behalf of All  :
Others Similarly Situated,                   :
                                             :
                 Plaintiff,                  :      Civ. No. 1:04 CV 10189 (NG)
                                             :
       vs.                                   :
                                             :
BIOPURE CORPORATION, THOMAS A.               :
MOORE, CARL W. RAUSCH,                       :
                                             :
                 Defendants.                 :
-----------------------------------------------------------------X
```

```
------------------------------------------------------------X
W. KENNETH JOHNSON, on Behalf of Himself       :
and All Others Similarly Situated,             :
                                               :
               Plaintiff,                      :    Civ. No. 1:04 CV 10190 (NG)
                                               :
       vs.                                     :
                                               :
BIOPURE CORPORATION, THOMAS A.                 :
MOORE, CARL W. RAUSCH and RONALD               :
F. RICHARDS,                                   :
                                               :
               Defendants.                     :
------------------------------------------------------------X
GREGORY KRUSZKA, on Behalf of Himself          :
and All Others Similarly Situated,             :
                                               :
               Plaintiff,                      :    Civ. No. 1:04 CV 10202 (NG)
                                               :
BIOPURE CORPORATION, THOMAS A.                 :
MOORE, CARL W. RAUSCH and RONALD               :
F. RICHARDS,                                   :
                                               :
               Defendants.                     :
------------------------------------------------------------X
```

## I. INTRODUCTION

Presently pending in this district are at least fifteen related securities fraud class actions (the "Related Actions") brought against Biopure Corporation ("Biopure") and certain of its officers and directors pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. The Related Actions are those set forth in the captions above.

Movants Ronald Erickson and Benjamin J. Joseph ("Proposed Lead Plaintiffs" or "Movants") collectively purchased 135,000 shares of Biopure common stock between March 17, 2003 and December 24, 2004, inclusive (the "Proposed Class Period") and suffered estimated losses[1] of $323,199 as a result of Movants' transactions in Biopure common stock during the Proposed Class Period. The Proposed Lead Plaintiffs respectfully submit this Memorandum of Law in support of their motion for: (i) consolidation of all related actions for all purposes pursuant to Rule 42 of the Federal Rules of Civil Procedure ("F.R.C.P."); (ii) appointment as Lead Plaintiffs, pursuant to Section 21D of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4, in the action

---

[1] The losses suffered by the Movants are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certifications required under Section 21D and, based upon information concerning the current market for the Company's common stock. See Declaration of Bradley P. Dyer, March 1, 2004, Exhibit C.

1

entitled Greene v., Biopure Corp., et al., Civ. No. 1:03 CV 12628 (NG) (D. MA. January 12, 2004) and any related action brought on behalf of purchasers of Biopure common stock; and (iii) approval of Movants' selection of Counsel.

## II.   PROCEDURAL BACKGROUND

On or about December 30, 2003, plaintiff in the Greene action[2] filed a complaint on behalf of a class consisting of all persons who purchased Biopure common stock during the Proposed Class Period. Pursuant to 15 U.S.C. § 78u-4(a) (3) (A) (i), on December 30, 2003, notice of pendency of the action was published over a widely-available, national business-oriented wire service, PR Newswire, advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the date of publication of the Notice, i.e., by March 1, 2004. See Dyer Decl., Ex. A. This motion is filed within the 60-day period following publication of the December 30, 2003 notice given by plaintiff therein.

## III.   SUMMARY OF THE PENDING ACTIONS

Defendant Biopure maintains its principle executive offices in Cambridge, Massachusetts and is engaged in the business of development, manufacturing and marketing of oxygen therapeutics for use in medical care conditions. ¶21.[3] During the Proposed Class Period, Biopure was listed on the NASDAQ under the ticker symbol "BPUR."

On July 31, 2002, Biopure submitted a biological license application ("BLA") to the U.S. Food and Drug Administration ("FDA") seeking regulatory approval to market Hemopure in the

---

[2]   Greene v. Biopure Corp., et al., Civ. No. 1:03 CV 12628 (D. Mass.) Dec. 30, 2003.

[3]   References taking the form "¶__" refer to the complaint filed in action Esposito v. Biopure Corp., et al., 1:04 CV 10013 (NG) (D. MA. Jan. 6, 2004).

2

United States for patients undergoing orthopedic surgery. In September 2002, the Company received a grant from the U.S. Department of the Army for the purpose of conducting clinical trials of Hemopure for the treatment of certain trauma patients. According to the Company's fiscal 2002 10-K, "[t]he Company has identified trauma as its next clinical development priority and is working with a committee of independent civilian and military trauma experts to broaden its trauma program." ¶21.

In March 2003, the Company submitted a "trauma study protocol" to the FDA, in connection with the Company's plans to conduct a "[p]hase II clinical trial" of Hemopure for the treatment of trauma patients. Immediately thereafter, the FDA informed defendants that the proposed clinical trials could not go forward, citing "safety concerns" arising from adverse clinical data submitted as part of the Company's July 2002 BLA seeking approval to market Hemopure to orthopedic surgery patients. Importantly, this also put defendants on notice that FDA approval of the BLA, which would allow the first commercial distribution of Hemopure in the United States, was in serious doubt and most certainly would be delayed beyond the time frame previously communicated by defendants to the investing public. Over the next nine months, despite numerous opportunities in press releases, analyst conference calls and SEC filings, defendants failed to disclose any of these adverse facts to the investing public. Indeed, the Company's periodic comments regarding Hemopure during the Class Period, materially misled investors concerning the commercial viability of Hemopure and the expected commencement of marketing the product in the United States. Prior to the disclosure of these adverse facts, defendants conducted at least two offerings of Biopure common stock generating millions of dollars in proceeds and certain high-level Biopure insiders, including defendants Moore and

3

Rausch, sold hundreds of thousands of Biopure common shares to the unsuspecting investing public at artificially inflated prices. ¶22.

Then, on December 24, 2003, under the threat of civil litigation by the SEC, defendants stunned the market by announcing that, in fact, the FDA had halted further clinical trials of Hemopure due to safety concerns. Defendants also disclosed that the commercial release of Hemopure int he United States would be delayed beyond mid-2004. ¶23.

Market reaction to defendants' belated disclosures was swift and severe. On December 26, 2003, Biopure common shares lost over 16% of their value, to close at $2.43 per share. ¶24.

## IV.    ARGUMENT

### A.    The Actions Should Be Consolidated

The above-captioned actions involve class action claims on behalf of the purchasers of Biopure common stock and assert essentially similar and overlapping class claims for relief brought on behalf of purchasers of Biopure common stock. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42 (a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990). That test is met here and the Actions should be consolidated.

### B.    The Proposed Lead Plaintiffs Should Be Appointed Lead Plaintiffs

#### 1.    The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20

4

days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4 (a) (3) (A) (i). Notice of pendency of the action was published over PR Newswire on December 30, 2003. See Dyer Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4 (a) (3) (A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4 (a) (3) (B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a) (3) (B) (iii). See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D. Mass. 1996).

5

### 2. The Proposed Lead Plaintiffs Satisfy The "Lead Plaintiff" Requirements of the PSLRA

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4 (a) (3) (A) and (B) expires on March 1, 2004. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on December 30, 2003), the Proposed Lead Plaintiffs herein timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the class.

The Proposed Lead Plaintiffs have duly signed and filed certifications stating that Movants have reviewed the complaint filed in the action and are willing to serve as the representative party on behalf of the Class. See Dyer Decl., Exh. B. In addition, the Proposed Lead Plaintiffs have selected and retained experienced and competent counsel to represent Movants and the class. See Dyer Decl., Exhs. D and E.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4 (a) (3) (B) and are entitled to have their application for appointment as Lead Plaintiffs and approval of selection of counsel, as set forth herein, considered and approved by the Court.

### 3. The Proposed Lead Plaintiffs Have The Largest Financial Interest In The Relief Sought By The Class

According to 15 U.S.C. § 21(a) (3) (B) (iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, collectively Movants purchased 135,000 shares of the Company's common stock during the Class Period and suffered estimated losses of $323,199 as a result of defendants'

6

misconduct. See Dyer Decl., Ex. C. As a result, Movants herein have a significant financial interest in this case.

The Proposed Lead Plaintiffs have not received notice of any other applicant or applicant group that has sustained greater financial losses in connection with the purchase and/or sale of the Company's common stock. Therefore, the Proposed Lead Plaintiffs satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiffs in this action and, should be appointed Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4 (a) (3) (B).

### 4. The Proposed Lead Plaintiffs Otherwise Satisfy Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - - typicality and adequacy - - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Lax v. First Merchants, 1997 U.S. Dist. LEXIS 11866 at *20; Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla.

7

Feb. 6, 1997).

The Proposed Lead Plaintiffs satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying appointment as lead plaintiffs. Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F. 2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993) However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

Bishop v. New York City Dept. Of Housing Preservation and Development, 141 F.R.D. 229, 238 (2nd Cir. 1992). See also Avagliano v. Sumitomo Shoji America, Inc., 103 F.R.D 562, 582 (S.D.N.Y. 1984).

The Proposed Lead Plaintiffs seek to represent a class of purchasers of the Company's common stock who have identical, non-competing and non-conflicting interests. The Proposed Lead Plaintiffs satisfy the typicality requirement, since Movants: (i) purchased the Company's common stock; (ii) at market prices allegedly artificially inflated as a result of defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by the Proposed Lead Plaintiffs arise "from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the

8

same legal theory." Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Garfinkel v. Memory Metals, Inc., 695 F. Supp. 1397, 1405 (D. Conn. 1988).

Here, the Proposed Lead Plaintiffs are adequate representatives of the class. As evidenced by the injury suffered by Movants, who purchased the Company's common stock at prices allegedly artificially inflated by defendants' violations of the federal securities laws, the interests of the Proposed Lead Plaintiffs are clearly aligned with the class members', and there is no evidence of antagonism between Movants' interests and those of the other members of the class. In addition, as demonstrated below, Movant's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in the highest professional manner. Thus, Movants prima facie satisfy the commonality, typicality and adequacy requirements of Rule 23.

C.   **The Court Should Approve Movants' Choice of Counsel**

Pursuant to 15 U.S.C. § 78u-4 (a) (3) (B) (v), proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class lead plaintiff seeks to represent. In that regard, Movants have selected the law firm Stull, Stull & Brody to serve as Lead Counsel, and Gilman & Pastor, LLP to serve as Liaison Counsel. Stull, Stull & Brody and Gilman & Pastor, LLP have extensive experience in successfully prosecuting shareholder and securities

class actions and have frequently appeared in major actions in this and other courts. See Dyer Decl., Exhs. D - E.

## V. CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (i) consolidate all related actions; (ii) appoint the Proposed Lead Plaintiffs as lead plaintiffs in the related actions; and (iii) approve Movants' selection of lead counsel as set forth herein.

Dated: March 1, 2004

Respectfully submitted,

GILMAN and PASTOR, LLP

By: /s/ David Pastor

David Pastor (BBO #391000)
Peter A. Lagorio (BBO #567379)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906

**Proposed Liaison Counsel
For Plaintiffs and the Class**


STULL, STULL & BRODY
Jules Brody
Howard T. Longman
Bradley P. Dyer
6 East 45th Street
New York, New York 10017
(212) 687-7230

**Proposed Lead Counsel For
Plaintiffs and The Class**

10